IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| T.A.B., : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 7 : 22-CV-44 (TQL) |
| : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

# ORDER

Plaintiff filed this Social Security appeal on May 17, 2022 challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla,

such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

***Administrative Proceedings***

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits in November 2015, alleging disability since August 1, 2014. (T-305-321, 405). As set out by the ALJ, Plaintiff's claims were denied in February 2016, but were erroneously processed as allowed. (T-34). In August 2018, the mistake was discovered and payments ceased. *Id.* On August 30, 2018, Plaintiff filed for reconsideration, and the denial was affirmed on June 12, 2019. *Id.* A hearing was held before an ALJ, with Plaintiff testifying by telephone, in July 2021. (T-53-78). In a hearing decision dated August 3, 2021, the ALJ determined that Plaintiff was not disabled. (T-34-46). The Appeals Council denied Plaintiff's request for review. (T-1-5).

***Statement of Facts and Evidence***

Plaintiff, born on June 22, 1971, was 50 years of age at the time of the ALJ's decision. (T-405). Plaintiff alleges disability since August 1, 2014, due to HIV, sleep apnea, 2 ruptured discs, torn ligaments, high blood pressure, and panic attacks. (T-405, 409). Plaintiff completed high school and

2

reported past relevant work experience as a cashier, cook, hair stylist, dishwasher, and driver. (T-410). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of lumbar degenerative disc disease with L4-5 annular tear, cervical degenerative disc disease, positive human immunodeficiency virus (HIV), obstructive sleep apnea, and obesity. (T-37). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing work activity at the light exertional level with certain limitations. (T-40-42). The ALJ determined that Plaintiff could not return to any of his past relevant work, but was capable of performing other jobs that exist in significant numbers in the national economy, and thus was not disabled. (T-44-45).

## DISCUSSION

Plaintiff contends that the ALJ failed to develop the record when he did not re-contact Plaintiff's treating source or order a psychological consultative examination to obtain a functional assessment of Plaintiff's mental abilities. The ALJ determined that Plaintiff had the residual functional capacity to perform light work, but was limited to frequently balancing and kneeling, occasionally climbing ramps, stairs, ladders, ropes or scaffolds, and occasionally stooping, crouching, and crawling. (T-41). Based on his mental health treatment for a primary diagnosis of panic disorder, along with assessment with adjustment disorder and depressed mood, Plaintiff asserts that the ALJ should have sought an opinion from a treating source, or ordered a consultative examination, regarding his mental limitations.

The ALJ found that

> claimant's medically determinable mental impairments of depression, persistent adjustment disorder with depressed mood, and panic disorder, considered singly and in combination, do not cause more

3

> than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere.
>
> [Consultative psychologists] assessed [claimant] with mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. I find these opinions persuasive. While some evidence shows the claimant reports panic attacks, the evidence does not show this condition has persisted over time. In making this finding, I have considered the four broad areas of mental functioning set out in the disability regulations . . .
>
> . . .
>
> Because the claimant's medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas, they are nonsevere.

(T -38-39).

Although the claimant bears the burden of proving that he is disabled, "[b]ecause a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record", and this obligation exists regardless of whether the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981); *Hethcox v. Commissioner of Social Sec.,* 638 F. A'ppx 833, 835 (11th Cir. 2015). However, "[t]he administrative law judge . . . is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007).

The record shows that Plaintiff underwent treatment for depression and anxiety between 2015 and 2019, and was diagnosed with panic disorder. (T-829-834). Treatment notes show that his conditions generally responded positively to medication. (T-836, 841, 845, 852, 867, 883, 890).

As noted by the Commissioner, counsel for Plaintiff agreed that the record was complete at the

hearing before the ALJ. (T-56, 59). The ALJ properly evaluated the evidence regarding Plaintiff's mental conditions and concluded that Plaintiff's mental conditions were non-severe impairments, consistent with the findings of consultative psychologists. (T-553, 821). The record contains sufficient information for a determination of Plaintiff's disability status, without the need for a consultative examination or further contact with treating sources. As noted by the Commissioner, the record contains notes regarding Plaintiff's mental health treatment, as well as his physical treatment, with very few mentions of his mental conditions during physical treatment examinations. The ALJ's disability determination is supported by substantial evidence.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 4th day of April, 2023.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**